Arcadio Ramírez Cuerda, demandante y apelado, *v.* Víctor M. Ramírez y Otro, demandados y apelantes.

Núm. 9600.—*Sometido:* Febrero 9, 1949. *Resuelto:* Abril 14, 1949.

---

*José Sabater* y *José O. Sabater,* abogados de los demandados y apelantes; *José Rafael Gelpí, pro se.*

*Per Curiam:* Ésta es una apelación contra resolución de la Corte de Distrito de Mayagüez concediéndole al síndico $4,440 en pago de supuestos servicios prestados como tal síndico.

Ángel Arroyo Rivera fué originalmente nombrado síndico. Se le ordenó que hiciera un inventario y valoración de los bienes dentro del término de treinta días; que reportara sus actuaciones trimestralmente; y que continuara ejecutando los contratos de las sociedades bajo sindicatura, pero que no otorgara ningún nuevo contrato sin la autorización previa de la corte y la intervención de las partes. En cuanto a su compensación, se proveyó lo siguiente:

"Se le asigna provisionalmente al Síndico la suma de sesenta dólares semanales hasta que se le señale sueldo definitivo tras hacerse el inventario y valoración de bienes, fondos y productos que aquí precedentemente se ha ordenado, debiendo el Síndico cobrar dicho sueldo de los fondos que vengan a su poder."

Catorce días después del nombramiento de Arroyo, José Rafael Gelpí fué nombrado para sustituirle como síndico "con las mismas obligaciones, deberes y atribuciones establecidas en el Decreto de Sindicatura de 14 de julio de 1944". Gelpí tomó posesión como síndico el 23 de agosto de 1944, pero no radicó el inventario definitivo hasta el 9 de abril de 1946.

Es innecesario expresar en detalle lo que ocurrió después, ya que la única cuestión ante nos en este momento es si la corte inferior cometió error al declarar con lugar la moción del síndico en cuanto a su compensación.

Los apelantes señalan los siguientes errores:

"1. La Corte a quo erró al fijar el sueldo del Síndico sin haber éste presentado sus cuentas.

"2. La Corte a quo erró al fijar como sueldo del Síndico $60 semanales cuando ese sueldo fué fijado con carácter provisional al anterior síndico y nunca la Corte a quo fijó sueldo definitivo.

"3. La Corte a quo cometió error al asignar honorarios o sueldo al Síndico sin haber éste rendido labor alguna en beneficio de los demandados ni haber continuado el negocio de los demandados.

"4. La Corte a quo cometió error al no tener en cuenta al asignar honorarios al Síndico e ignorar la conducta de dicho Síndico en relación con los bienes que le fueron confiados en administración."

Huelga considerar los errores 1, 2 y 4. Examinaremos tan sólo el tercero. La posición del síndico es que la cantidad de $4,440 simplemente representa 74 semanas de sueldo a $60 la semana, que es la compensación fijada en la resolución original y la cual no ha recibido desde el 10 de abril de 1945 al 11 de septiembre de 1946. Notamos de paso que el síndico vendió alcohol perteneciente a la sindicatura y retuvo la suma de $1,980 como su salario semanal hasta el 9 de abril de 1945. Sostiene que se le debe la suma de $4,440 a virtud de una mera operación aritmética, a base de 74 semanas a $60 la semana.

El hecho de que una corte fije provisionalmente la compensación de un síndico a $60 semanales, no significa necesariamente que éste tiene automáticamente derecho a recibirla a base de una mera operación aritmética, ya rinda o no sus servicios. Por el contrario, las partes interesadas tienen derecho a demostrarle a la corte que el síndico no ha rendido servicio alguno y que no tiene derecho a recibir compensación. Aquí, independientemente del hecho de que nada sustancial encontramos en el récord o en la opinión de la corte inferior, demostrativo de que el síndico prestó servicio alguno, éste admitió en la vista sobre ésta y otras cuestiones que "yo puedo admitir que yo no hice trabajo alguno. Si es para probar eso, yo lo admito."

Por consiguiente, no podemos sostener la actuación de la corte inferior al concederle compensación al síndico por no rendir servicios, especialmente cuando ya había cobrado la suma de $1,980.

*La resolución de la corte de distrito será revocada, y se declarará sin lugar la solicitud del síndico sobre fijación de honorarios.*